IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re: | Case No. 20-33697 (DRJ) |
| BRAHMAN RESOURCE PARTNERS, LLC, *et al.*, | Chapter 11 |
| Debtors.[1] | (Jointly Administered) |

### THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS' LIMITED OBJECTION TO THE SALE MOTION

The Official Committee of Unsecured Creditors (the "Committee") of Brahman Resource Partners, LLC and its' debtor-affiliates (the "Debtors"), files this *Limited Objection to the Sale Motion* (the "Objection") and respectfully states as follows:

### Relevant Background

1.  On July 26, 2020 (the "Petition Date"), the Debtors each filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of Texas (the "Court"). The Debtors continue to operate their businesses as debtors in possession pursuant to section 1107 and 1108 of the Bankruptcy Code. These chapter 11 cases (the "Cases") have been consolidated for procedural purposes only and are being jointly administered pursuant to Bankruptcy Rule 1015(b) [Dkt. No. 19].

2.  On August 18, 2020, the Debtors filed the *Emergency Motion for Entry of an Order (i) Pursuant to Sections 327(a) and 328(a) of the Bankruptcy Code Authorizing the*

---

[1] The debtors and debtors in possession these chapter 11 cases, along with the last four digits of their respective Employer Identification Numbers, are as follows: Brahman Resource Partners, LLC (7253); and BRP Vista Grande, LLC (1481). The Debtors' service address is: 8900 Eastloch Dr., Suite 235, Spring, Texas 77379.

1

*Employment and Retention of EnergyNet.com, LLC as Oil and Gas Broker and Auctioneer for the Debtors; (ii) Establishing Sale Notice Procedures, Contract Notice Procedures, and Hard Consent Procedures; (iii) Approving a Sale of Substantially All Assets Free and Clear of Liens, Claims, Encumbrances, and Other Interests; (iv) Authorizing Assumption and Assignment of Executory Contracts and Unexpired Leases; (v) Scheduling a Sale Hearing; and (vi) Granting Related Relief* [Dkt. No. 67] (the "Sale Motion").

3. On August 27, 2020, the Court entered the *Order (i) Authorizing the Employment and Retention of Energynet.com, LLC as Oil and Gas Broker and Auctioneer for the Debtors; (ii) Establishing Bidding Procedures and Notice Procedures; (iii) Scheduling A Sale Hearing; and (iv) Granting Related Relief* [Dkt. No. 101] (the "Bid Procedures Order").

4. On September 14, 2020, the United States Trustee for the Southern District of Texas (the "U.S. Trustee") appointed the Committee pursuant to sections 1102(1) and 1102(b)(1) of the Bankruptcy Code [Dkt. No. 128]. No request has been made for the appointment of a trustee or examiner.

**Jurisdiction and Venue**

5. The Court has jurisdiction to consider this Application pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

6. Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

**Limited Objection**

7. After being appointed by the U.S. Trustee on September 14, 2020, the Committee quickly began evaluating professionals to assist the Committee with its statutory duties. Immediately after formation, the Committee qualified financial advisory firms to interview,

conducted interviews, identified a financial advisor it wished to retain, negotiated an engagement letter, and will shortly file with the court an employment application.

8. While the Committee's financial advisor has had the opportunity to speak with Debtors' counsel regarding the sale process, the Committee's financial advisor has not had sufficient time to review the proposed sale procedures, ensure there was a comprehensive, in-depth solicitation process, nor examine the Debtors' data room to ensure it has the proper diligence materials to ensure the estate receives the highest and best offer for the Debtors' assets.

9. The Bid Procedures Order requires that objections to the relief requested in the Sale Motion (a "Sale Objection") be submitted by September 25, 2020 at 5:00 p.m. (prevailing Central Time). This provided parties almost a full month in which to review the sale procedures, identify additional potential bidders, examine the data room, and to conduct the diligence required to evaluate the proposed sale process.

10. The Committee, however, was appointed more than two weeks after the Bid Procedures Order was entered, giving it only *eleven days* to retain a financial advisor and conduct all diligence required to ensure this sales process is (a) in the best interest of the estate, and, if so, (b) will result in the highest and best offer for the Debtors' assets.

11. While the Committee reached out to the Debtors immediately upon retaining a financial advisor to request additional time in which to review the relief requested in the Sales Motion, the Debtors declined to grant the Committee an extension, necessitating the filing of this Objection.

12. As such, the Committee has not had sufficient time in which to evaluate properly the relief requested in the Sale Motion or whether a Sale Objection is merited. Accordingly, the

Committee requests additional time for its newly retained financial advisor to fully evaluate the proposed sales process and, if necessary, to file a Sale Objection.

## Conclusion

WHEREFORE, the Committee respectfully requests the Court extend the deadline for the Committee to file a Sale Objection and to grant such other and further relief as is just and proper.

**DATED:**     September 25, 2020.

Respectfully submitted,

**THOMPSON & KNIGHT LLP**

By: */s/ Cameron K. Rivers*
Mitchell E. Ayer
State Bar No. 01465500
Email: Mitchell.Ayer@tklaw.com
Cameron K. Rivers
State Bar No. 24102846
Email: Cameron.Rivers@tklaw.com
811 Main Street, Suite 2500
Houston, TX 77002
Telephone:  (713) 654-8111
Facsimile:   (713) 654-1871

**PROPOSED COUNSEL FOR THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS**